```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------
XUEYAN HAN,
                        Plaintiff,           24-cv-1221 (JGK)

        - against -                          MEMORANDUM OPINION
                                             AND ORDER
UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES,
                        Defendant.
---------------------------------------
```

**JOHN G. KOELTL, District Judge:**

The plaintiff, Xueyan Han, brough this action pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, challenging the United States Citizenship and Immigration Services's ("USCIS") denial of the plaintiff's petition for an "extraordinary ability" visa. The parties now cross-move for summary judgment. For the following reasons, the plaintiff's motion for summary judgement is **granted**, the defendant's motion for summary judgment is **denied**, and the case is **remanded** to USCIS for further review.

### I.

#### A. Statutory Background

Congress has created five "preference" categories for employment-based visas. See 8 U.S.C. § 1153(b). An alien who qualifies for a "first preference" visa need not have an offer of employment to obtain a visa. See 8 C.F.R. § 204.5(h)(5). One of these "first preference" visas applies to certain aliens with "extraordinary ability" in "the sciences, arts, education,

business, or athletics . . . demonstrated by sustained national or international acclaim and whose achievements have been recognized in the field through extensive documentation." 8 U.S.C. § 1153(b)(1)(A)(i).[1] Aliens who seek to satisfy this standard must show that they will "enter the United States to continue work in [their] area of extraordinary ability," id. § 1153(b)(1)(A)(ii), and that their "entry into the United States will substantially benefit prospectively the United States," id. § 1153(b)(1)(A)(iii).

USCIS, the agency tasked with implementing this provision, has issued regulations that define "extraordinary ability" as "a level of expertise indicating that the individual is one of that small percentage who have risen to the very top of the field of endeavor." 8 C.F.R. § 204.5(h)(2). A petitioner can meet this standard by establishing through evidence that the petitioner "has sustained national or international acclaim and that his or her achievements have been recognized in the field of expertise." Id. § 204.5(h)(3). "A petitioner bears the burden to prove by a preponderance of the evidence that he is eligible for the requested benefit." Rubin v. Miller, 478 F. Supp. 3d 499, 504 (S.D.N.Y. 2020) (citing 8 C.F.R. § 103.2(b)(1)).

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

2

USCIS performs a two-step analysis of the petitioner's visa application. First, a petitioner must make one of two showings. Either a petitioner can demonstrate "a one-time achievement (that is, a major, international recognized award)," see 8 C.F.R. § 204.5(h)(3),[2] or alternatively, a petition can satisfy at least three of the following ten criteria:

> (i) Documentation of the alien's receipt of lesser nationally or internationally recognized prizes or awards for excellence in the field of endeavor;
>
> (ii) Documentation of the alien's membership in associations in the field for which classification is sought, which require outstanding achievements of their members, as judged by recognized national or international experts in their disciplines or fields;
>
> (iii) Published material about the alien in professional or major trade publications or other major media, relating to the alien's work in the field for which classification is sought. Such evidence shall include the title, date, and author of the material, and any necessary translation;
>
> (iv) Evidence of the alien's participation, either individually or on a panel, as a judge of the work of others in the same or an allied field of specification for which classification is sought;
>
> (v) Evidence of the alien's original scientific, scholarly, artistic, athletic, or business-related contributions of major significance in the field;

---

[2] "Receipt of the Nobel Prize is the quintessential example of a major award." Kazarian v. U.S. Citizenship & Immigr. Servs., 596 F.3d 1115, 1119 (9th Cir. 2010).

>   (vi) Evidence of the alien's authorship of scholarly articles in the field, in professional or major trade publications or other major media;
>
>   (vii) Evidence of the display of the alien's work in the field at artistic exhibitions or showcases;
>
>   (viii) Evidence that the alien has performed in a leading or critical role for organizations or establishments that have a distinguished reputation;
>
>   (ix) Evidence that the alien has commanded a high salary or other significantly high remuneration for services, in relation to others in the field; or
>
>   (x) Evidence of commercial successes in the performing arts, as shown by box office receipts or record, cassette, compact disk, or video sales.

id. §§ 204.5(h)(3)(i)-(x).

Second, if USCIS finds that a petition satisfies the first step of the analysis, the agency proceeds to consider the totality of the circumstances to make its final determination. See Kazarian v. U.S. Citizenship & Immigr. Servs., 596 F.3d 1115, 1119-20 (9th Cir. 2010). Specifically, USCIS must consider "whether the evidence demonstrates both a level of expertise indicating that the individual is one of that small percentage who have risen to the very top of their field of endeavor, and that the alien has sustained national or international acclaim and that his or her achievements have been recognized in the field of expertise." Id. (quoting 8 C.F.R. §§ 204.5(h)(2)-(3)).

4

This standard is "extremely restrictive." Id. at 1120; Cuckic v. Jaddou, No. 21-cv-8395, 2023 WL 2586031, at *2. (S.D.N.Y. Mar. 21, 2023) (describing the visa as an "Einstein" or "genius visa").

### B. Factual Background

The plaintiff is a citizen and national of China, who currently resides in New York City. See Complaint ¶ 4, ECF No. 1. In December 2020, the plaintiff filed Form I-140, Petition for Immigrant Worker, with USCIS, seeking classification as an alien having extraordinary ability in the field of finance. See ECF No. 10 ("Certified Administrative Record" or "CAR") at 30–49. The plaintiff did not contend that he satisfied the "one-time achievement" requirement. See 8 C.F.R. § 204.5(h)(3). Instead, the plaintiff opted to satisfy at least three of the other qualifying forms of evidence. See id. § 204.5(h)(3)(i)–(x). Initially, in his December 14, 2020 application, the plaintiff submitted evidence in support of eight of the ten criteria. See CAR at 30-31.

USCIS found the initial evidence in support of the plaintiff's petition to be insufficient. Accordingly, on August 16, 2023, USCIS issued a Request for Evidence ("RFE"), explaining certain of the ways in which the initial evidence was insufficient and requesting additional evidence. See id. at 977–87. The plaintiff submitted a letter in response to the RFE,

5

relying on only six of the factors, specifically, sections 204.5(h)(3)(i)-(iii), (v), (viii), (ix). See id. at 644-55. The plaintiff also attached evidence in response to the RFE—some new and some duplicative of the initial petition. See id.

On December 26, 2023, USCIS denied the plaintiff's application, finding that the plaintiff had satisfied none of the six criteria that he continued to assert, and that the totality of the circumstances did not justify awarding the plaintiff an "extraordinary ability" visa. See CAR at 1-8. USCIS concluded that the plaintiff failed to address three of the factors—sections 204.5(h)(ii)-(iii), (viii)—in his response to the RFE. See, e.g., CAR at 5 ("The self-petitioner did not address this criterion in [his] response to the RFE. No additional documentary evidence was submitted in support of this criterion"). USCIS provided a somewhat more detailed rationale for its rejection of the plaintiff's arguments regarding sections 204.5(h)(i), (v), and (ix), and the plaintiff does not challenge the USCIS's findings on sections 204.5(i) or (ix).

The plaintiff did not appeal his petition to the Administrative Appeals Office ("AAO"), see 8 C.F.R. § 103.3(a)(1)(ii), instead opting to seek judicial review through this Court.[3] On February 20, 2024, the plaintiff filed

---

[3] The plaintiff was not required to exhaust his administrative remedies before appealing directly to this Court, alleging an

his Complaint with this Court, challenging the USCIS's determination as "arbitrary and capricious" in violation of the APA, and seeking an order setting aside USCIS's decision. See ECF No. 1. The plaintiff also contends that USCIS unlawfully withheld its decision and asks this Court to compel the agency to make a lawful decision on the plaintiff's application. See id. The parties now cross move for summary judgment. See ECF Nos. 14, 17.

## II.

The standard for granting summary judgment is well established. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322—23 (1986); Gallo v. Prudential Residential Servs. Ltd. P'ship, 22 F.3d 1219, 1223 (2d Cir. 1994). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are

---

APA violation. See Joseph v. Dir. of Tex. Serv. Ctr., USCIS, No. 24-40249, 2025 WL 458001, at *2 n.6 (5th Cir. Feb. 11, 2025) ("[The plaintiff] chose to appeal the administrative determination [on his extraordinary ability visa application] directly to the district court alleging an APA violation, rather than challenging it in an Administrative Appeals Office proceeding. This does not make his claim unreviewable."); see also Rubin, 478 F. Supp. 3d at 502 (considering an appeal from the denial of an "extraordinary ability" visa application that had not been appealed to the AAO).

7

any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." Gallo, 22 F.3d at 1224. However, "disputed legal questions . . . present nothing for trial and are appropriately resolved on a motion for summary judgment." Flair Broad. Corp. v. Powers, 733 F. Supp. 179, 184 (S.D.N.Y. 1990).

Where a party seeks judicial review of agency action, summary judgment is appropriate, because "whether an agency action is supported by the administrative record and consistent with the APA standard of review is decided as a matter of law." Residents for Sane Trash Sols., Inc. v. U.S. Army Corps of Eng'rs, 31 F. Supp. 3d 571, 586 (S.D.N.Y. 2014). Federal courts apply a deferential standard in considering whether a challenged government action is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). "An abuse of discretion may be found in those circumstances where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." Zhao v. U.S. Dep't of Just., 265 F.3d 83, 93 (2d Cir. 2001). Agency action is arbitrary and capricious if it departs from Congress's intent,

8

> entirely fail[s] to consider an important aspect of the problem, offer[s] an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983); see also Karpova v. Snow, 497 F.3d 262, 268 (2d Cir. 2007). Although "the scope of review under the arbitrary and capricious standard is narrow, an agency is still required to articulate a satisfactory explanation for its action based on review of the record." Rubin, 478 F. Supp. 3d at 503.

In the review of agency action, courts do not "engage in an independent evaluation of the cold record or ask [themselves] whether, if [they] were sitting as fact finders, [they] would credit or discredit an applicant's testimony." Guan v. Gonzales, 432 F.3d 391, 394-95 (2d Cir. 2005) (per curiam). Ultimately, "[i]f the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Fla. Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985).

**III.**

In his motion for summary judgment, the plaintiff contends that USCIS's decision was arbitrary and capricious with respect to four of the six factors that formed the basis of the plaintiff's petition and USCIS's decision. The plaintiff also contends that USCIS's decision, based on the totality of the circumstances, that the beneficiary was not "one of that small percentage who have risen to the very top of the field of endeavor," was arbitrary and capricious. See 8 C.F.R. § 204.5(h)(2).

The disputed factors at issue are: (1) membership in associations in the field which require outstanding achievements of their members as judged by national or international experts ("Factor II"); (2) performance of a leading or critical role for organizations in the field that have a distinguished reputation ("Factor VIII"); (3) published material about the beneficiary in professional or other major media relating to the beneficiary's work in the field ("Factor III"); and (4) original scientific, scholarly, artistic, athletic, or business-related contributions of major significance in the field ("Factor V"). The plaintiff must show that the government acted arbitrarily and capriciously with respect to at least three of the four disputed factors. The Court will address each of the factors in turn.

**A.**

First, with regard to Factor II—membership in associations in the field for which classification is sought—USCIS stated only that "[t]he self-petitioner did not address this criterion in [his] response to the RFE. No additional documentary evidence was submitted in support of this criterion." CAR at 5. However, the plaintiff submitted a brief narrative response to the RFE with accompanying evidence—some duplicative of the initial petition and some new. See id. at 645–47.

It is unnecessary to decide whether the additional information provided by the plaintiff in response to the RFE rectifies the deficiencies identified in the RFE or establishes that the plaintiff satisfied the requirements of Factor II.[4] However, in light of the plaintiff's response, USCIS's lone statement that "the self-petitioner did not address this criterion in [his] response to the RFE," is plainly inaccurate. See CAR at 5. Moreover, because USCIS failed to address the substance of the initial petition or the plaintiff's response to the RFE in any meaningful way, the USCIS decision "is devoid of any reasoning." See Zhao, 265 F.3d at 93. "While the agency is not required to address every piece of evidence the petitioner presents, [it] must still make an adequate finding based on a

---

[4] Courts do not "engage in an independent evaluation of the cold record." Guan, 432 F.3d at 394.

11

reasoned consideration of the record." Golani v. Allen, No. 22-cv-10202, 2023 WL 4874767, at *9 (E.D. Mich. July 31, 2023). Without such an explanation, it is impossible to review the USCIS's decision on this criterion. Accordingly, USCIS's decision with respect to Factor II was arbitrary and capricious.[5]

**B.**

Second, with regard to Factor VIII—performance of a leading role for organizations with distinguished reputations—USCIS observed that the evidence supplied did not "demonstrate that the organization or establishment has a distinguished reputation" and concluded that "[t]he self-petitioner did not address this criterion in [his] response to the RFE. No additional documentary evidence was submitted in support of this criterion." See CAR at 5.

The plaintiff initially submitted evidence documenting his positions with the Beijing Private Equity Association ("BPEA"), China Enterprises Investment Association ("CEIA"), and Hanfor Holdings. Id. at 640. In the RFE, USCIS noted that the

---

[5] The plaintiff contends that in the absence of reasoning from USCIS, the Government's brief impermissibly supplies its own reasoning in violation of the Chenery Doctrine. See SEC v. Chenery Corp., 332 U.S. 194, 196 (1947) (holding that "a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency"). However, having concluded that USCIS's reasoning is inaccurate and conclusory on its face, the Court need not reach the plaintiff's Chenery argument.

petitioner failed to "include evidence of how his role with [BPEA or CEIA] was critical or leading," but did not address the plaintiff's role with Hanfor Holdings. See id. In response to the RFE, the plaintiff submitted a brief narrative response regarding Hanfor Holdings along with accompanying evidence—some new and some duplicative. See id. at 647-49.

Again, this Court takes no position on whether the additional information provided by the plaintiff in response to the RFE corrects any deficiencies identified in the RFE or establishes that the plaintiff satisfied the requirements of Factor VIII. However, the Government concedes that USCIS failed to address the material that the plaintiff submitted regarding Hanfor Holdings. See USCIS Reply Br. at 7, ECF No 23.  And in light of the plaintiff's response to the RFE, USCIS's statement that "the self-petitioner did not address this criterion in [his] response to the RFE," is inaccurate. See CAR at 5.

The Government contends that any deficiencies in USCIS's decision regarding Factor VIII are harmless error because the text of the regulation requires the plaintiff to identify performance of a leading role in at least two organizations and, as a result, USCIS's failure to consider the plaintiff's supplementary evidence regarding Hanfor Holdings was not dispositive. See Reply Br. at 7-8. However, the only rationale provided by USCIS regarding its rejection of the plaintiff's

13

Factor VII submission was that the plaintiff allegedly "did not address this criterion in [his] response to the RFE." See CAR at 5. Not only is the proffered rationale inaccurate, but USCIS did not rely on the deficiencies identified in the RFE regarding BPEA and CEIA in its ultimate decision rejecting the plaintiff's petition. Accordingly, USCIS's failure to address Hanfor Holdings is not harmless error, and USCIS's decision with respect to Factor VIII was arbitrary and capricious.

### c.

Third, with regard to Factor III—published material about the beneficiary in professional publications or other media, relating to the beneficiary's work in the field for which classification is sought—USCIS stated only that "[t]he self-petitioner did not address this criterion in [his] response to the RFE. No additional documentary evidence was submitted in support of this criterion." See id. at 5–6.

Initially, the plaintiff submitted four articles in support of his petition. See id. at 35–37. In the RFE, USCIS informed the plaintiff that the articles lacked circulation data from independent, objective sources. See id. at 637. USCIS also concluded that one of the articles contained no discussion of the petitioner or the petitioner's work. See id. In response to the RFE, the plaintiff provided an additional article from "The

Asian Banker," along with a narrative response detailing the reputation and circulation of each publisher. See id. at 650-51.

This Court takes no position on whether the additional information provided by the plaintiff in response to the RFE corrects the deficiencies identified in the RFE or establishes that the plaintiff satisfied the requirements of Factor III. However, USCIS's statement that "[t]he self-petitioner did not address this criterion in [his] response to the RFE. No additional documentary evidence was submitted in support of this criterion," is plainly inaccurate. See id. at 5-6. Moreover, because USCIS failed to address the substance of the plaintiff's response to the RFE in any meaningful way, the USCIS decision "is devoid of any reasoning." See Zhao, 265 F.3d at 93. Accordingly, USCIS's decision with respect to Factor III was arbitrary and capricious.

**D.**

Fourth, with regard to Factor V—evidence of original scientific, scholarly, artistic, athletic, or business-related contributions of major significance—USCIS first observed that "[l]etters of support alone generally may not be sufficient to meet this criterion," and that, although "not without weight," letters of support "cannot form the cornerstone of a successful extraordinary ability claim." CAR at 6. USCIS then found that "[e]vidence must demonstrate that the beneficiary's

15

contributions are not only original, but that they are of major significance in the field. The evidence does not demonstrate the major significance of the beneficiary's original contributions." Id. Because the plaintiff has already shown that USCIS acted arbitrarily and capriciously with respect to three of the four contested factors, it is unnecessary to consider whether USCIS's more thorough findings with respect to Factor V were also arbitrary and capricious.

### E.

Although USCIS concluded that the plaintiff failed to satisfy three of the statutory criteria, USCIS nevertheless proceeded to consider the entire record and "determined that the beneficiary is not one of that small percentage who have risen to the top of the field of endeavor" and that "the evidence does not show that the beneficiary's achievements set him significantly above almost all others in the field at a national or international level." See CAR at 7–8. However, this conclusion merely restates the applicable legal standard without providing any additional basis for the agency's conclusion. See 8 C.F.R. §§ 204.5(h)(2)–(3). Accordingly, step two of USCIS's analysis "contains only summary or conclusory statements," and was therefore arbitrary and capricious. Zhao, 265 F.3d at 93.

A plaintiff "must show, to warrant a remand, that the [agency] erred in its findings for three criteria." Krasniqi v.

16

Dibbins, 558 F. Supp. 3d 168, 182 (D.N.J. 2021). "Remand is particularly appropriate" where "the essential problem was a failure to consider evidence or adequately explain rationales." Sequretek, Inc. v. Cuccinelli, No. 20-cv-5462, 2021 WL 1660871, at *6 (D.N.J. Apr. 28, 2021). Thus, because USCIS failed to provide any explanation of its rationale for three of the four contested factors, the matter is remanded to the agency for further review.

## CONCLUSION

The Court has considered all of the arguments raised. To the extent not specifically addressed above, the arguments are either moot or without merit. The plaintiff's motion for summary judgment is **granted,** the defendant's motion for summary judgment is **denied,** and the case is **remanded** for a final determination. The Clerk is directed to close ECF Nos. 14 and 17, and to close this case.

SO ORDERED.
Dated:   New York, New York
         June 30, 2025

_____
John G. Koeltl
United States District Judge